UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:                              )
                                    )
RIVER ROCK COTTAGES, LLC.,          )   Case No. 07-32532
                                    )   Chapter 11
        Debtor.                     )

MOTION FOR ORDER REIMPOSING AUTOMTIC STAY PURSUANT
TO 11 U.S.C. SECTION 105 AND BANKRUPTCY RULE 9024

Now comes the Debtor in Possession, River Rock Cottages, LLC, by and through its undersigned counsel, A. Burton Shuford, and respectfully shows unto the Court the following:

1. The Debtor filed a petition under Chapter 11 with the United States Bankruptcy Code with the Bankruptcy Court for the Western District of North Carolina on December 27, 2007.

2. The Debtor, as of the date of the petition in this case, was the owner of certain real estate located in Polk County, NC and more particularly described as follows:

    Tract 1: Being all that certain tract or parcel of land containing 59.80 acres, more or less, as shown and delineated upon a plat entitled "Closing Survey for Mary Ellen Russo, located at Lake Adger," Cooper Gap and White Oak Twps. Polk County, NC, dated September 19, 1999 and prepared by G.A. Wolfe, Reg. Land Surveyor, Inman, SC which plat is duly recorded in Card File D, Page 681 in Office of the Registered of Deeds for Polk County, NC.

    Tract 2: Being all of Tact C, containing 5.98 acres as shown on Plat entitled "Polk County Board of Education, White Oak Township, Polk County, North Carolina", dated May 4, 1993 prepared by Butler Associates, RLS, recorded in Card File B, Page 1144 in the Polk County, NC Registry, (the "Real Estate").

3. The Real Estate is subject to two first deeds of trust in favor of Porter Bridge Loan Company (or related entities referred to as "Porter") as follows:

    Deed of Trust executed by Mary Ellen Russo, an unmarried woman and River Rock Cottages, LLC, a North Carolina Limited Liability Company, to Edmond T. Urban, Trustee, dated the 7th day of December, 2005 the first deed of trust being recorded in Book 335 at Page 42 and recorded December 7. 2005 and the second deed of trust being recorded in Book 335 at Page 48 of the Polk County Public Registry, North Carolina.

4. On or about March 5, 2008, the Debtor filed a Motion To Sell Property Free and Clear of Liens with Notice of Hearing (the "Motion"). A hearing was held on the Motion on March 11, 2008 and this Court approved the sale proposed by the Debtor and entered its Order Authorizing Sale of Real Estate at Private Sale Outside of the Ordinary Course of Business Free and Clear of Liens and Interests on March 13, 2008 (the "Order"). The Order, among other things: (a) approved the sale of the real estate to IHF Holdings, LLC for the sum of $4,337,000.00; and, (b) required that Porter shall provide to the Debtor a fully itemized and detailed payoff statement of the Debtor's obligation to Porter showing all principal, interest and other charges against the Debtor, said charges to be broken down by vendor and service provided.

5. On February 20, 2008 this Court entered an Order Conditionally Denying Motion To Dismiss Bankruptcy Case (the "Conditional Order"). The Conditional Order provided that relief from the automatic stay would be granted to Porter on March 15, 2008, if the debt to Porter was not sooner paid.

6. As of this date, IHF Holdings, LLC has not closed its contract, but it remains interested in closing the sale.

7. The Debtor cannot move towards closing a sale or a refinancing of its obligations to Porter for the reason that the Debtor cannot ascertain the accurate payoff because: a) Porter has not provided the detailed breakdown as ordered by the Court; and b) the information already provided by Porter appears to contain double charges for certain fees charged to the Debtor.

8. Porter claims that the current payoff on the Debtor's two deeds of trust referred to above is $3,445,656.31 as of February 21, 2008 plus interest at the rate of $1,602.22 per day. The Debtor denies that this amount is accurate, but cites it here as evidence only of what Porter claims is due on its obligation.

9. The Real Estate was appraised by Mid Atlantic Appraisal in March, 2008. Mid Atlantic Appraisal determined that the fair market value of the Real Estate is $7,400,000.00.

10. The interest of Porter is well protected by the equity cushion.

11. The Debtor is entitled to relief from the Order pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9024 for the above stated reasons.

WHEREFORE, the Debtor prays that the Court enter an order reinstating the Automatic Stay of Section 362 of the Bankruptcy Code as to Porter and as to the Real Estate upon terms that the Court may find just and proper.

This the 22nd day of April, 2008.

_____
A. Burton Shuford, NCBN 10035
Shuford Hunter. PLLC
Attorneys for the Debtor
301 S. McDowell St., Ste. 1012
Charlotte, NC 28204
(704) 377-0280

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 07-32532 |
| RIVER ROCK COTTAGES, LLC. | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the **MOTION FOR ORDER REIMPOSING AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 105 AND BANKRUPTCY RULE 9024** by either Electronic Case Filing as indicated or depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed as follows:

John Bramlett, Esq.                           Via Electronic Case Filing
United States Bankruptcy Administrator

Deborah T. Crowder                            Via Electronic Case Filing
Poyner & Spruill, LLP
Attorney for Porter Capital Corporation

This the 23 day of April, 2008.

_____
A. Burton Shuford, NCBN10035
Shuford Hunter, PLLC
301 S. McDowell Street, Ste. 1012
Charlotte, NC 28204
(704) 377-0280
*Attorneys for the Debtor*